# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MOODIE TOWNE CONSOLIDATION, <br> Appellant, | DOCKET NUMBER <br> PH-0714-21-0100-I-1 |
| v. | |
| DEPARTMENT OF VETERANS <br> AFFAIRS, <br> Agency. | DATE: February 24, 2025 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Brent Abare, Groton, Vermont, for the appellants.

Joshua Carver, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellants have filed a petition for review of the initial decision, which affirmed their removals for misconduct under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellants' petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellants were WG-10 Pipefitters for the agency's Facilities Management Service (FMS), stationed at the VA Medical Center in White River Junction, Vermont. *Moodie v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0045-I-1, Initial Appeal File (0045 IAF), Tab 1 at 1, Tab 7 at 11; *Towne v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0046-I-1, Initial Appeal File (0046 IAF), Tab 6 at 10. In late January 2020, the Medical Center's Chief of Police alerted management to allegations that FMS employees had been claiming more overtime than they had actually worked. 0045 IAF, Tab 8 at 7; Hearing Recording (HR), Track 1 at 2:55 (testimony of the proposing official). Over the next several months, the agency continued to monitor the situation, reviewing surveillance recordings and comparing them with overtime requests. 0045 IAF, Tab 8 at 7; HR, Track 1 at 7:40 (testimony of the proposing official). At the close of the investigation, the agency identified 15 FMS employees as having improperly claimed various amounts of overtime, and it proposed administrative actions against each of them, ranging from reprimand to removal. HR, Track 4 at 1:55 (testimony of the deciding official).

The two appellants in this appeal were among those whose removals were proposed under 38 U.S.C. § 714. Appellant Towne was charged with improperly claiming overtime on 27 separate occasions, for a total of 52 hours between December 2019 and June 2020. 0046 IAF, Tab 6 at 23-28, Tab 7 at 38. Appellant Moody was charged with improperly claiming overtime on 29 separate occasions, for a total of 54.75 hours between December 2019 and June 2020. 0045 IAF, Tab 7 at 28-33, Tab 8 at 51. Appellant Moodie also faced a second charge of removal of Government property for removing a chair from Medical Center premises on March 27, 2020. 0045 IAF, Tab 7 at 31. After the appellants

responded, on November 9, 2020, the deciding official issued decisions to remove them, effective the same day.  0045 IAF, Tab 7 at 11-15; 0046 IAF, Tab 6 at 10-14.

The appellants each filed Board appeals contesting their removals. 0045 IAF, Tab 1; 0046 IAF, Tab 1.  The administrative judge consolidated the appeals under 5 C.F.R. § 1201.36(a)(1), without objection from any party.  *Moodie Towne Consolidation v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0100-I-1, Consolidation Appeal File (CAF), Tab 2.  After a hearing, the administrative judge issued an initial decision affirming the appellants' removals.  CAF, Tab 18, Initial Decision (ID).  She found that the agency proved all specifications of misuse of overtime, as well as the removal of Government property charge, by substantial evidence.  ID at 4-23.  She also considered the appellants' claim of retaliation for union activity, but she found no genuine nexus between the appellants' union activity and their removals.  ID at 23.  The administrative judge further found that the removal penalty was supported by substantial evidence.  ID at 25.  She considered the appellants' allegations regarding the consistency of the penalty but found that they failed to prove this "general defense."  ID at 24-25.

The appellants have filed a petition for review disputing the administrative judge's findings on the charges and the penalty and arguing that the agency's decision was the product of retaliation for union activity and harmful procedural error.  *Moodie v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0045-I-1, Petition for Review File (0045 PFR File), Tab 1.  The agency has filed a response.  *Moodie Towne Consolidation v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0100-I-1, Petition for Review File, Tab 1.[2]

---

[2] The appellants filed identical petitions for review under both of their names in each of their individual cases.  0045 PFR File, Tab 1; *Towne v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0046-I-1, Petition for Review File, Tab 1.  For ease of reference, we cite to the petition for review in *Moodie v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-21-0045-I-1.  The agency filed its response to the petition for review in the consolidated case file.

**ANALYSIS**

In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charges by substantial evidence. 38 U.S.C. § 714(d)(2)(a). If the agency meets this burden, the Board may not mitigate the agency's chosen penalty, but it is nevertheless required to review the penalty as part of the agency's overall decision. 38 U.S.C. § 714(d)(2)(B), (3)(C); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). Further, the agency's decision may not be sustained if the appellant shows that the decision was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b) or was the product of harmful procedural error. 5 U.S.C. § 7701(c)(2)(A)-(B); *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 23; 5 C.F.R. § 1201.56(b)(2)(i)(C).

Although the appellants have raised several specific exceptions to the administrative judge's findings in this appeal, we find that it would be premature to reach these issues in light of subsequent developments in the case law. Specifically, after the initial decision was issued, the United States Court of Appeals for the Federal Circuit clarified that, under 38 U.S.C. § 714, the deciding official must apply the preponderant evidence standard in determining whether the employee committed the charged misconduct. Substantial evidence is merely the standard by which the Board reviews the agency's decision. *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1301 (Fed. Cir. 2021).

The removal decisions in this case reflect that the deciding official applied the substantial evidence standard. 0045 IAF, Tab 7 at 12; 0046 IAF, Tab 6 at 11. The deciding official's testimony is consistent with this conclusion because he stated that he determined that the charges against appellant Moodie "were substantiated" and he "found support" for the charges against appellant Towne. HR, Track 4 at 11:15, 19:30 (testimony of the deciding official). Under the circumstances of this case, we find it appropriate to remand this appeal for the administrative judge to afford the parties an opportunity to address the issue of

whether the agency's use of the substantial evidence standard in the removal decision constituted harmful procedural error under 5 U.S.C. § 7701(c)(2)(A). *See Rodriguez*, 8 F.4th at 1301; *Semenov*, 2023MSPB 16, ¶¶ 21-25.

In addition, the appellants argued below that the agency's surveillance practices violated the applicable collective bargaining agreement (CBA), but the administrative judge did not address this argument in her initial decision. CAF, Tab 4 at 7, 9. This is an affirmative defense of harmful procedural error. *See LeBlanc v. Department of Transportation*, 60 M.S.P.R. 405, 417 (1994), *aff'd*, 53 F.2d 346 (Fed. Cir. 1995) (Table). These pro se appellants did not raise the issue artfully, and they did not object when the administrative judge did not include it in her prehearing conference summary among the issues to be decided.[3] Nevertheless, they have raised the issue on petition for review, and considering the totality of the circumstances, we find that it would be inappropriate to consider the claim to be waived or abandoned at this juncture. 0045 PFR, Tab 1 at 4-5, 7; *see Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18. Therefore, the administrative judge should address this affirmative defense on remand.[4]

Also after the initial decision was issued, the Federal Circuit issued *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326 (Fed. Cir. 2021), clarifying that the agency and the Board must apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. Without explicitly invoking *Douglas*, both the deciding official and the

[3] Shortly before the hearing, the appellants designated a non-attorney union official to be their representative. CAF, Tab 14. This individual provided the appellants some limited assistance during the hearing itself, but it does not appear that he has otherwise been involved in these proceedings.

[4] The appellants have not submitted a copy of the CBA for the record. On remand, they will be afforded an opportunity to supplement the record with a copy of the CBA or the relevant provisions thereof. Although the CBA appears to be publicly available on the internet, the administrative judge is not required to undertake such research in order to develop the record on the appellants' behalf.

administrative judge discussed several of these factors in connection with the penalty selection. ID at 25; 0045 IAF, Tab 7 at 12; 0046 IAF, Tab 6 at 11. Therefore, both the removal decisions and the administrative judge's initial decision are consistent with the requirements set out in *Connor*.

Nevertheless, we find that the administrative judge's analysis of the consistency of the penalty *Douglas* factor is not entirely clear. Specifically, she considered it as an affirmative defense rather than as part of her penalty analysis. ID at 24-25. The consistency of the penalty with those imposed upon other employees for the same or similar offenses is one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18. On remand, the administrative judge should clarify her consistency of the penalty analysis both in light of this longstanding precedent and in light of more recent developments in the case law after the initial decision was issued.

On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing if appropriate, addressing the agency's use of the substantial evidence standard in its removal decisions. The administrative judge should also consider the appellants' argument that the agency committed harmful procedural error by surveilling them in violation of the CBA. The administrative judge shall then issue a new initial decision addressing these issues in accordance with this Remand Order. If the administrative judge finds that the agency committed harmful error in violating the CBA or in applying the wrong evidentiary standard in its decisions, she shall reverse the appellants' removals. *See Campbell v. U.S. Postal Service*, 95 M.S.P.R. 185, ¶ 12 (2003). To the extent that the agency's penalty selection remains an issue, the administrative judge should also clarify her analysis of the consistency of the penalty factor. If she deems it appropriate, the administrative judge may adopt the findings from the vacated initial decision on the issues of whether the agency

proved its charges before the Board by substantial evidence and whether the appellants proved their affirmative defense of retaliation for union activity.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.